RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/16/14
       MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| KRYSTAL THOMAS MOORE | CIV. ACTION NO. 14-398 |
| VERSUS | JUDGE TRIMBLE |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE KIRK |

---

## MEMORANDUM RULING

Now before the court in the above-captioned matter is defendants' motion for summary judgment, whereby defendants seek dismissal of all claims against them.[1] For the reasons expressed below, the court finds that the instant motion should be GRANTED in part and DENIED in part.

I.     BACKGROUND

    A.  Relevant Facts

Plaintiff, Krystal Thomas Moore, is the surviving parent of Alexander Thomas, who died on August 28, 2010 at the age of sixteen (16) while in residence at Pinecrest Support and Service Center ("Pinecrest"), located in Rapides Parish, State of Louisiana.[2] Through her attorney of record in this case, plaintiff filed a complaint with the State of Louisiana Medical Review Panel on August 1, 2011.[3] The panel issued its opinion on August 6, 2013.[4] Plaintiff filed suit in Louisiana's Ninth Judicial District Court for the Parish of Rapides on November 5,

---

[1] R. 6. The instant motion was originally filed as a motion to dismiss, but was converted to a motion for summary judgment by court order. See, R. 20.
[2] Certificate of Death of Alexander Ryan Thomas at R. 24-2.
[3] Initial complaint to review panel [R. 6-2] at "Exhibit A[.]"
[4] R. 6-1 at p. 2. The court notes that neither party has made the opinion of the review panel part of the record in this case and the court has no knowledge of the panel's findings in that proceeding.

1

2013, asserting wrongful death and survival action claims under Louisiana law, the Louisiana State Constitution and the United States Constitution via 42 U.S.C. § 1983 for deprivation of civil rights.[5] Plaintiff's suit names as defendants the State of Louisiana on behalf of its Department of Health and Hospitals, Dr. Frank Pearce, III, Dr. Charles C. Ugokwe and Pinecrest.[6]

Plaintiff's suit alleges that Alexander was "subjected to excessive restraints, physical abuse by staff and other residents, inadequate and inconsistent medical care, and other injury[.]"[7] Plaintiff alleges that these wrongs violated Alexander's civil rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 2 of Louisiana's constitution, as well as violating unspecified Louisiana law.[8]

Defendants timely removed the suit to this court on the basis of federal question jurisdiction, citing plaintiff's § 1983 claims.[9] Defendants next filed a motion to dismiss, which was converted by the court to a motion for summary judgment because of the court's finding that the motion and opposition brief referenced matters outside the scope of the pleadings.[10] Both parties were given additional time in which to file supplemental briefs and any additional summary judgment evidence to be considered by the court. All briefs and evidence having now been received, the court finds that the motion is ripe for consideration. We address the arguments of the parties below.

---

[5] Complaint [R. 1-2], generally. The court notes that, while plaintiff's complaint repeatedly references "46 U.S.C. § 1983[,]" it is understood that plaintiff's intent was to cite 42 U.S.C. § 1983 since Title 46, pertaining to shipping and maritime interests, has no bearing on plaintiff's claims in this suit.
[6] Id.
[7] Id. at, e.g., ¶ 5.
[8] Id., generally.
[9] Notice of Removal [R. 1] at ¶ 3.
[10] Order issued 6-9-2014 at R. 20.

### B. Applicable Standard

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[11] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[12]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[13] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[14] A party whose claims are challenged by a motion for summary judgment

---

[11] Fed. R. Civ. P. 56(c)(1)(A).
[12] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[14] Celotex, 477 U.S. at 325.

may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[15]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[16]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[17] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[18] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[19]

II.  ANALYSIS

A. Prescription

The issues in this case are complex. We present our findings as succinctly as possible, in hopes of simplifying these proceedings.

The evidence before the court demonstrates that the medical review panel did not consider plaintiff's allegations of excessive restraint or willful abuse and neglect during its proceedings from 2010 – 2013. Neither plaintiff's initial complaint, dated August 1, 2011, nor

---

[15] Id.
[16] Id. at 322.
[17] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[18] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[19] Lujan, 497 U.S. at 888.

plaintiff's submission letter, dated April 11, 2013, raise this issue.[20] Defendants assert -- and plaintiff does not dispute -- that the panel's final opinion, rendered in August of 2013, did not address any allegation of excessive restraint or willful abuse and neglect.[21]

The consequences of plaintiff's failure to raise these issues before the review panel are two-fold. First, to the extent that plaintiff asserts that her allegations of excessive restraint, abuse and neglect constitute medical malpractice and are asserted via survival action under La. Civ. C. Art. 2315.1, the court is without jurisdiction to hear them. The Malpractice Liability for State Services Act ("MLSSA") requires that all medical malpractice claims against the State of Louisiana, its agencies and covered persons must first undergo administrative review before medical review panel before suit may be filed on such claims in any court.[22] While, in some cases, dismissal without prejudice would be appropriate under such facts, the court finds that the second consequence of plaintiff's exclusion of these issues is that these claims are now prescribed, making exhaustion futile. Construing the record in the light most favorable to the plaintiff as the nonmoving party, we acknowledge that plaintiff might have filed her survival action based on medical malpractice within three (3) years of her son's death under La. R.S. 9:5628,[23] applicable to such claims.[24] Plaintiff's suit, filed on November 5, 2013, was filed more than three (3) years after the last possible date on which any act or omission constituting

---

[20] Initial complaint letter at R. 6-2; submission letter at R. 13-1.
[21] R. 19 at p. 6.
[22] La. R.S. 40:1299.29.1(A)(1)(a); La. R.S. 40:1299.39.1(B).
[23] La. R.S. 9:5628, applicable to a survival action arising out of medical malpractice, provides that medical malpractice claims against certain specified providers must be brought within one (1) year from the date of the discovery of the alleged act, omission, or neglect, but in no even may such claims be filed later than three (3) years from the date of the alleged act, omission, or neglect.
[24] A survival action encompasses the right of action a decedent might have asserted had he survived and may seek damages from the moment of injury until the moment of death. Guidry v. Theriot, 377 So.2d 319, 323 (La. 1979). Accordingly, applying the outer limitation of three (3) years under the statute provides the longest possible time in which plaintiff might have instituted her survival action.

medical malpractice as to Alexander Thomas might have been committed, considering his unfortunate death on August 28, 2010. Moreover, because we have already found that plaintiff's allegations of excessive restraint, abuse and neglect were not presented to the medical review panel, prescription was not suspended as to these claims during the pendency of the review panel proceeding.[25] Plaintiff's arguments regarding applicability of relation-back pleading and solidary obligors are without merit.[26]

We also find that plaintiff's wrongful death and § 1983 civil rights claims are prescribed and should be dismissed. Wrongful death claims are actions belonging to specific surviving relatives of the deceased and such claims accrue at the moment of the decedent's death.[27] To the extent that plaintiff asserts that her son's death was caused by acts of medical malpractice, the applicable prescriptive period remains one (1) year from Alexander's death. Moreover, prescription of plaintiff's wrongful death claim was not suspended during the pendency of the medical review panel proceeding. Accordingly, plaintiff must have asserted her wrongful death claim on or before August 28, 2011, but did not file suit until November 5, 2013, leaving such claim prescribed and subject to dismissal with prejudice.

As argued by defendants, to the extent that plaintiff contends that her allegations of excessive restraint, abuse and neglect constitute acts of medical malpractice, such allegations do not form a proper basis for a constitutional violation giving rise to civil rights claims under § 1983.[28] To the extent that plaintiff asserts these claims as lying outside the scope of the

---

[25] La. R.S. 40:1299.39.1(f)(2).
[26] See, e.g., R. 13 at p. 5 and R. R. 25 at pp. 8-9.
[27] La. Civ. C. Art. 1252.2; Walls v. American Optical Corp., 740 So.2d 1262, 1269-70 (La. 1999) citing Guidry v. Theriot, 377 So.2d 319 (La. 1979) and Taylor v. Giddens, 618 So.2d 834, 840 (La. 1993).
[28] Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Estelle v. Gamble, 429 U.S. 97, 106

medical malpractice review panel's purview and constituting willful, deliberate acts, they are prescribed.[29] Plaintiff's claims in this case would be subject to one-year liberative prescription under La. Civ. C. Art. 3492, representing the most analogous state tort prescriptive period.[30] Prescription of these claims was not interrupted during the pendency of the medical review panel proceedings. As above, plaintiff's arguments regarding the effect of defendants' alleged status as solidary obligors is without merit, since, as pointed out by defendants, the interruption of prescription would only pertain to identical claims. In this case, plaintiff would have us rule that the filing of a complaint before a Louisiana medical malpractice review panel would serve to interrupt prescription on a federal constitutional claim. This is a misconstruction of the nature of solidary obligations. Applying the one-year prescriptive period of Art. 3492 or that of Art. 2512.2(B) to the facts of this case, plaintiff would have had to file suit on her § 1983 claims on or before August 28, 2011, but failed to do so, making dismissal with prejudice appropriate as to such claims.

What remains, then, are plaintiff's allegations of medical malpractice, previously raised before the review panel, regarding the cessation of certain anti-seizure medications prior to Alexander Thomas' death. We have reviewed plaintiff's complaint and find that it fails to plead any facts in support of a claim based on these prior allegations and we agree with defendants

---

(1976) (recognizing that medical malpractice, even if proven, is not a constitutional violation and instructing that the fact that the plaintiff is a prisoner in the custody of the State does not alter that conclusion); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

[29] Correspondence from plaintiff's counsel to defense counsel dated August 2, 2012 suggests that, at that time, it was plaintiff's position that claims of excessive restraint, abuse and neglect were not properly considered medical malpractice and were outside of the purview of the review panel. Despite the content of that letter, advising that plaintiff would institute a civil action based on those § 1983 claims, no suit was filed until November 5, 2013. See, R. 19-2.

[30] Frame v. City of Arlington, 657 F.3d 215, 236 (5th Cir. 2011); Elzy v. Robertson, 868 F.2d 793, 794 (5th Cir. 1989).

that, on its face, it is insufficient under the minimal standards of Fed. R. Civ. P. 8(a).  We have also reviewed the record in this case and find that plaintiff sought to amend her complaint, but failed to seek leave of court for such amendment.[31]  It appears from the record that, after being notified of the deficiency in the proposed amendment, which went uncured for more than a month, the proposed amended complaint was stricken by order of the magistrate judge.[32]  In deference to the appellate preference for permissive amendment when no real prejudice will result, the court will permit plaintiff an opportunity to amend her complaint for the sole purpose of restating her remaining claims consistent with this ruling.

### B. Propriety of § 1983 claims against state agencies

While we have already determined that, according to the facts of this particular case, any claims under 42 U.S.C. § 1983 that plaintiff may have asserted against defendants in this case are prescribed, having not been timely asserted under applicable law, we note that, were such claims not prescribed, dismissal of all § 1983 claims against the State of Louisiana and its agencies and its officials acting in their official capacities would be mandated.  As asserted by defendants, such entities and officials are not considered "persons" within the meaning of §1983 and, accordingly, no cause of action is created against them by that statute.[33]

### C. Procedural capacity of plaintiff to assert wrongful death and survival actions

As expressed above, to the extent that plaintiff's lawful status as surviving parent of Alexander Thomas remains unclear, plaintiff should ensure that her amended complaint addresses this issue thoroughly.  Following plaintiff's amendment, should defendants earnestly

---

[31] R. 14.
[32] R. 21.
[33] Hafer v. Melo, 502 U.S. 21 (1991), Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989).

contest plaintiff's lawful status as Alexander Thomas' surviving parent, the court will hear renewed motions raising that issue.

### III. CONCLUSION

Based on our reasoning above, we find that the vast majority of plaintiff's claims in this suit are prescribed, having been asserted beyond the applicable prescriptive periods in each instance. The sole exception to our finding is plaintiff's purported claim for medical malpractice regarding defendants' cessation of certain anti-seizure medications prior to Alexander Thomas' death. Although we find that plaintiff's complaint is inadequate to support such a claim under Fed. R. Civ. P. 8(a), we find that plaintiff should be permitted an opportunity to amend her complaint in order to cure its deficiencies, noting that defendants show no prejudice by such remedy.

Additionally, finding no just reason for delay and desiring furtherance of judicial economy in all proceedings, we will certify this ruling for immediate appeal to the United States Fifth Circuit Court of Appeal pursuant to Fed. R. Civ. P. 54(b).

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
September _16_, 2014

/s/ JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE