RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/4/14
        MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KRYSTAL THOMAS MOORE | CIV. ACTION NO. 14-398 |
| VERSUS | JUDGE TRIMBLE |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a Motion for Remand, or in the Alternative, Motion for Reconsideration or New Trial filed by Krystal Thomas Moore ("Plaintiff") in the above-captioned case.[1] For the reasons explained herein below, the court finds that Plaintiff's motion should be **GRANTED** to the extent that the court's prior Judgment will be partially vacated and all state law claims in this case will be remanded to the Ninth Judicial District Court for the Parish of Rapides.

I.     **BACKGROUND**

The court directs the interested reader to a full recitation of the facts giving rise to this case found in the court's Memorandum Ruling issued September 16, 2014, in which it granted in part and denied in part a motion for summary judgment filed on behalf of defendants.[2] In that ruling, the court found that Plaintiff failed to raise allegations of excessive restraint, willful abuse and neglect of her son, Alexander, before a Louisiana medical malpractice review panel ("review panel"). The court concluded that, to the extent that Plaintiff sought to raise these allegations as claims of medical malpractice under Louisiana law, we were without jurisdiction

---

[1] R. 32.
[2] R. 26.

to hear them by operation of the Malpractice Liability for State Services Act ("MLSSA"), which requires that such claims against the State of Louisiana, its agencies and covered persons must first undergo administrative review by a review panel before suit may be filed in any court. Noting the prescription of these claims since their accrual, we dismissed any such claims with prejudice. The court also found that Plaintiff's wrongful death and § 1983 claims were prescribed and dismissed these claims with prejudice. The court noted that, were Plaintiff's § 1983 claims against the State of Louisiana, its agencies and its officials acting in their official capacities would still be dismissed because those defendants are not "persons" within the meaning of § 1983 and, therefore, no cause of action is created against them by the statute.

Although the court found that Plaintiff's claims for medical malpractice based on the cessation of certain anti-seizure medications prior to Alexander's death survived Defendants' motion for summary judgment, we agreed with Defendants' argument that Plaintiff's complaint was inadequate under Fed. R. Civ. P. 8(a) and ordered Plaintiff to amend her complaint within thirty (30) days of the issuance of the court's Memorandum Ruling and Judgment. Addressing Defendants' arguments regarding unclear language in Plaintiff's complaint as to her legal relationship to Alexander Thomas, the deceased, the court instructed Plaintiff to include any necessary clarification of her legal status with respect to Alexander in her amended complaint.[3]

On October 14, 2014, Plaintiff filed the instant Motion to Remand, or in the Alternative, Motion for Reconsideration or Motion for a New Trial or Motion to Vacate.[4] On the same day, Plaintiff filed a Motion to Amend her complaint, which was granted on October 21, 2014 by U.S.

---

[3] R. 26, 27.
[4] R. 32.

Magistrate James D. Kirk.[5] Plaintiff's Amended Complaint does not address Plaintiff's Louisiana law medical malpractice claim but, instead, clarifies that Plaintiff is the mother of Alexander Thomas, who was a minor who died without issue on August 28, 2010.[6] The amendment also notes Plaintiff's reservation of objection to this court's jurisdiction to hear this case.[7]

II.   ANALYSIS

Plaintiff's motion first asserts that, following our conclusion that all of Plaintiff's § 1983 claims were prescribed, it was error for this court to continue to exercise its supplemental jurisdiction over the remaining state law claims in this case.  Plaintiff points out that the basis for removal of this suit was federal question jurisdiction based on Plaintiff's civil rights claims under § 1983.

Plaintiff correctly notes that a decision to exercise supplemental jurisdiction, while within the discretion of this court, must be the product of thoughtful consideration.[8] We are instructed to address the factors of 28 U.S.C. § 1367(c), as well as the common law factors of judicial economy, convenience, fairness and comity.[9] The statutory factors are: (1) whether the state law claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.[10]

---

[5] R. 33, 36.
[6] R. 37.
[7] Id.
[8] Carnegie-Mellon Univ. v. Cohill, 484 U.S 343 (1988); Enochs v. Lampasas County, 641 F.3d 155 (5th Cir. 2011)
[9] Enochs, 641 F.3d at 159; Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008).
[10] 28 U.S.C. § 1367(c).

Beginning with the first factor, the court finds that Plaintiff's motion misconstrues the court's prior mention of complexity. This case does not present novel or complex issues of Louisiana law. The complexity to which this court referred is that of the interrelation between the state and federal law claims in this case. Regarding the second and third factors, we find that, given our disposition of all of Plaintiff's federal law claims, Plaintiff's Louisiana law claims clearly predominate in this matter. As to the fourth factor, we find no exceptional circumstances which compel us to decline jurisdiction.

Considering the common law factors, our review of the record affirms Plaintiff's argument that this case is in the early stages of its litigation, which would support remand as it relates to judicial economy. Both this court and the Ninth Judicial District court, from whence this suit comes, are located in Alexandria, Louisiana, mitigating any argument that remand would prejudice either party logistically. Finally, remand of a case comprised solely of Louisiana law issues to a Louisiana district court would support traditional notions of comity.

Plaintiff's brief correctly cites the Fifth Circuit's "general rule…that a court should decline to exercise jurisdiction over remaining state-law claims when all federal law claims are eliminated before trial[.]"[11] While we believe strongly in this court's discretion to hear pendent state law claims, we acknowledge that the statutory and common law factors in this matter weigh in favor of remand and, thus, our discretion to retain jurisdiction should be similarly limited.[12] Thus, upon review of the record in this matter, we find that Plaintiff's motion should be granted in that the court's prior ruling will be partially vacated and all state law claims

---

[11] Brookshire Bros. Holding Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992).
[12] Carnegie-Mellon, 484 U.S. at 350; Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

remaining after the court's dismissal of Plaintiff's §1983 claims will be remanded to Louisiana's Ninth Judicial District Court for the Parish of Rapides for further proceedings.

### III. CONCLUSION

After careful review of the record in this case, as well as the instant motion and all associated briefs, law and arguments, it is the conclusion of this court that, while we do not lack jurisdiction to hear Plaintiff's pendent Louisiana law claims, the statutory and common law factors, as well as circuit jurisprudence, instruct that this court should have remanded this case once it dismissed all of Plaintiff's federal law claims. While this court does not shy away from adjudicating matters brought before it, we do believe that this case fails to present any exceptional circumstance which would justify our retention of Plaintiff's pendent claims, making remand the appropriate remedy at this time. Thus, we find that Plaintiff has met the burden of proof required of her under Fed. R. Civ. P. 59(e), which we agree is applicable in this instance.

The court will issue an amended judgment in conformity with these findings.

Alexandria, Louisiana
December 4, 2014

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE