U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 8 2015

TONY R. MOORE, CLERK
BY _____/MS_____
          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KRYSTAL THOMAS MOORE** | **CIV. ACTION NO. 14-398** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court are two successive motions requesting judgment awarding attorney fees under 42 U.S.C. § 1988 in the above-captioned case.[1] The first motion is styled as one to alter or amend judgment under Fed. R. Civ. P. 59(e), while the second is simply a motion for attorney fees under the statute. For the reasons expressed below, the court finds that Defendants' motion to alter or amend judgment should be **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

On September 16, 2014, this court issued a memorandum ruling and judgment granting in part and denying in part Defendants' motion for summary judgment.[2] Specifically, the court found that Plaintiff's claims under § 1983 were prescribed and we rejected Plaintiff's assertion that prescription was suspended because such claims were within the scope of Plaintiff's prior submission to the Louisiana medical malpractice review panel. We also found that, were such claims not prescribed, dismissal would have nonetheless been appropriate as to the State of Louisiana and its officials in their official capacities, as these entities and parties are

---

[1] R. 48, 49.
[2] R. 26, 27.

1

not "persons" within the meaning of 42 U.S.C. 1983 and, as such, no cause of action is created against them under that statute. Plaintiff's § 1983 claims were denied and dismissed with prejudice. The court also found that Plaintiff's Louisiana law wrongful death claim was prescribed and this claim was denied and dismissed as well. We found that Plaintiff's only remaining claim was that of medical malpractice as previously presented to the medical malpractice review panel, based on the cessation of certain anti-seizure medications prior to Alexander Thomas' death.

On December 4, 2014, this court issued a successive memorandum ruling addressing Plaintiff's Motion for Remand, or in the Alternative, Motion for Reconsideration or Motion for New Trial.[3] After analysis, the court found that, though it did not lack jurisdiction to hear Plaintiff's Louisiana law claims, it should have remanded such claims to the state court after dismissing all of Plaintiff's § 1983 claims. Based on that finding, the court issued an amended judgment affirming our dismissal of all federal civil rights claims, but vacating our prior adjudication of Plaintiff's Louisiana law claims and remanding all such matters to the Ninth Judicial District Court for further proceedings.[4] We also denied Defendants' pending motion for attorney fees and for hearing on Plaintiff's underlying motion as moot.[5]

Defendants' cautious approach in filing both a motion for reconsideration and a motion for attorney fees under the amended judgment is understood by the court. In fairness, we do not find that the court is required to proceed under Rule 59(e), given the issuance of the

---

[3] R. 44.
[4] R. 46.
[5] R. 45. This order contained an error, which the court regrets. It was the intention of the court to deny the motion for attorney fees and to deny the motion for hearing as moot. At no time was the court under the impression that the remand of Plaintiff's state law claims mooted Defendants' request for attorney fees.

amended judgment and will, thus, address Defendants' motion for attorney fees as an original request for relief.

## II. ANALYSIS

After review of the court's ruling and amended judgment, it is the finding of the court that Plaintiff's claims against Defendants under 42 U.S.C. § 1983 contained both frivolous and non-frivolous components. As asserted by Defendants, in such a case, our finding that certain portions of Plaintiff's now-dismissed claim were not frivolous does not act as a complete bar to a recovery of attorney fees under 42 U.S.C. § 1988 but, rather, limits Defendants' recovery of such fees to those fees which would not have been incurred but for the inclusion of the frivolous claims.[6]

In the above-captioned case, we find that Plaintiff's claims under §1983 were frivolous as to those parties who we deemed not to be "persons" within the meaning of the statute.[7] The jurisprudence interpreting § 1983 as excluding causes of action against the State of Louisiana, its agencies and officials acting in their official capacities was long-settled before the filing of this suit.[8] Thus, the inclusion of § 1983 claims against these Defendants was unquestionably frivolous, as it was "unreasonable and without foundation" as described by guiding jurisprudence.[9]

Despite the fact that this court was unpersuaded by Plaintiff's arguments regarding the scope of his submission to the medical malpractice review panel and the implications of those prior Louisiana administrative proceedings on prescription of his § 1983 claims, we do not find

---

[6] Fox v. Vice, 131 S.Ct. 2205, 2214 (2011) citing Hensley v. Eckerhart, 461 U.S. 424 (1983).
[7] R. 26 at p. 8.
[8] See, e.g., Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).
[9] Christiansburg Garmet Co. v. EEOC, 434 U.S. 412 (1978).

that these claims, as asserted against those Defendants as to whom a cause of action is created under the statute, were so unreasonable or without foundation as to warrant a frivolity finding.

We find, therefore, that Defendants' motion for attorney fees should be granted in part and denied in part. The court will issue a judgment in conformity with these findings instructing Defendants as to the filing of their report of time and fees under Local Rule 54.2.

**Alexandria, Louisiana**
**March 18, 2015**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE